U S DISTRICT COURT
Southern District of Georgia
Filed in Open Court
10:32 PM
October 19 20 14
Deputy Clerk

# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | |
|---|---|
| INTERNATIONAL AUTO LOGISTICS, LLC, ) ) ) Plaintiff, ) ) v. ) ) LIBERTY GLOBAL LOGISTICS, LLC ) ) Defendant. ) | CIVIL ACTION FILE NO. CV 214-154 |

## TEMPORARY RESTRAINING ORDER

The above-stated matter was submitted by Verified Complaint to the Court on Sunday, October 19, 2014 by counsel for the Plaintiff pursuant to F.R.C.P. Rule 65 (b). Counsel also submitted a certificate pursuant to F.R.C.P. Rule 65 (b)(1)(B) stating the reasons why he believed that notice should not be required prior to entry of this order. After reviewing the Verified Complaint and Counsel's Certificate, the Court issues the following Temporary Restraining Order and, pursuant to the provisions of F.R.C.P. Rule 65 (b)(2), makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. The Plaintiff alleges that it was not notified of the Defendant's intention to stop all world-wide operations of the facilities it operates and the services it provides pursuant to its Subcontract Agreement ("Agreement") with the Plaintiff until after 8:00 p.m. on Friday night, October 17, 2014.

2. The Defendant's Friday night notice indicated that it was going to terminate all services pursuant to the Agreement at 24:00 hours Sunday October 19, 2014, midnight EDT tonight. Accordingly, the Court finds that the services rendered and facilities operated by the

1

Defendant in Europe, pursuant to the Agreement, will not open for business on Monday morning German time without the issuance of this order.

3. Plaintiff has shown sufficient proof that the Agreement between the Plaintiff and the Defendant covers the provision of ocean carriage services in connection with the Plaintiff's contract with a command of the United States Department of Defense, the U.S. Transportation Command ("USTRANSCOM"), known as the Global Privately Owned Vehicle Contract III ("GPC III"). The purpose of the GPC III is to provide vehicle logistics management, transportation, movement and storage of service members' privately owned vehicles when they are being transferred overseas and back to the United States.

4. The Plaintiff and Defendant are engaged in a dispute regarding their respective compliance with various aspects of the Agreement, including, but not limited to, the payment of amounts the Defendant claims are due for ocean carriage and demurrage charges. The Agreement anticipates that certain disputes be submitted to arbitration. Plaintiff shows that the Agreement requires the Defendant, in the event it terminates its participation under the Agreement, to work with the Plaintiff during any period of transition required for the Plaintiff to find a substitute subcontractor.

5. If the Defendant is allowed to proceed with its stated intention to terminate all activities pursuant to the Agreement at 24:00 hours EDT tonight, IAL and the service men and women whose vehicles are being transported pursuant to the GPC III will be irreparably harmed. Plaintiff has brought forth evidence that the United States government's ability to move troops around the world in an orderly and predictable manner could be compromised by the abrupt cessation of those services to the government and its service members. The Plaintiff has brought

forth evidence that if the Defendant's actions are not temporarily enjoined, it appears that no services pursuant to the Agreement will be performed world-wide after Midnight EDT tonight.

## CONCLUSIONS OF LAW

1. The Verified Complaint sets forth a claim that satisfies the criteria required for the issuance of a temporary restraining order without notice.

2. The Plaintiff has shown sufficient evidence that it has a substantial likelihood of success on the merits.

3. The Plaintiff has brought forth sufficient evidence that it will suffer irreparable injury if the defendant is not temporarily enjoined and required to comply with the agreement.

4. After balancing the equities between the two parties, the Court finds that damage to the Defendant resulting from the issuance of an injunction is not outweighed by the harm Plaintiff will suffer if the temporary injunction does not issue.

5. Plaintiff has brought forth sufficient proof that the public interest will be best served by the issuance of this order by allowing the unimpeded movement of vehicles of members of the armed services of the United States who are being transferred around the world pursuant to the Plaintiff's contract with the government.

6. Given the nature of the notice given by the Defendant and the certificate of Plaintiff's counsel filed with its Complaint, the Court finds that the criteria required by Rule 65 for no notice exists in this matter.

Accordingly, it is

ORDERED that the Defendant Liberty Global Logistics, LLC is immediately and temporarily restrained as follows:

1. LGL is enjoined from failing to accept new bookings from IAL for the transport of privately owned vehicles pursuant to its obligations under the Agreement; and

2. LGL is further enjoined from failing to load into or unload vehicles from containers pursuant to the Agreement for transport to service members; and

3. LGL is further enjoined from failing to notify IAL of the availability of service member vehicles that are available for delivery to service members and from failing to give possession of those vehicles to IAL for delivery to service members. It is further ORDERED:

That the Defendant is ordered to comply with its obligations pursuant to the Agreement until this matter can be heard by the Court pursuant to the Plaintiff's request for a Temporary Injunction. It is further

ORDERED that said hearing will occur on Thursday, October 23, 2014 at 2:00 pm in Brunswick, Georgia. It is further

ORDERED that the Plaintiff shall post bond with the Clerk of the Court in the sum of $200,000.00 within twenty-four (24) hours of the entry of this order to pay the costs and damages sustained by LGL if it is determined at a later date that it was wrongfully enjoined. It is further

ORDERED that this order shall expire on the 23rd day of October, 2014, at 4:00 o'clock p.m. EDT unless otherwise extended by the Court for good cause or the Defendant consents to a

longer extension. It is further

ORDERED that Plaintiff's counsel serve Defendant's counsel and Defendant with a copy of this Order by 11:00 pm tonight; and,

As stated above, this Order shall maintain the status quo until both sides are given an opportunity to present their respective arguments and evidence to the Court on October 23, 2014.

SO ORDERED at Glynn County, Georgia 10:32 o'clock p.m. on the 19th day of October, 2014.

_____
Lisa Godbey Wood, Chief Judge
United States District Court for the
Southern District of Georgia,
Brunswick Division.